BELDEN v. KELLWOOD REALTY CO.

(Supreme Court, Appellate Term. November 10, 1911.)

BROKERS (§ 40*)—EMPLOYMENT—CONTRACT.

Plaintiff having learned that defendant had placed its property with another broker, for renting, informed H., a customer, that the property could be rented, and H. refused the offer, but afterwards went to the other broker, and was shown the premises, and negotiated directly with defendant, taking a lease on different terms than those originally stated by plaintiff. Plaintiff never notified defendant that H. was sent by plaintiff, or that he expected commissions, but after the conclusion of negotiations, and just before the lease was executed, H. told defendant that his attention was called to the property by plaintiff, when defendant caused the lease to state that the other broker was the broker in the transaction, and refused to recognize plaintiff. Held, that plaintiff was not entitled to commissions for renting the premises, not having been employed for that purpose.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Eugene De F. Belden against the Kellwood Realty Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry B. Ketcham, for appellant.
Simon T. Stern, for respondent.

GUY, J.  The plaintiff herein, a real estate broker, appeals from a judgment dismissing his complaint in an action brought to recover broker's commissions alleged to be due for services performed "at the special instance and request of the defendant and upon the promise of the defendant to pay a usual and reasonable commission therefor."  The plaintiff appellant admits, however, that he was never employed by the defendant as a broker, and that defendant never even called plaintiff's attention to the fact that defendant desired to lease the property in question.

The testimony shows that defendant placed its property in the hands of one Weil, another broker; that plaintiff, obtaining knowledge of that fact, informed one Hansen, a previous customer of plaintiff, that the property could be obtained at a certain rental; that Hansen "threw the offer down," but subsequently, of his own volition, went to Weil, defendant's broker, who had the key of the premises, was shown through the premises by Weil's assistant, and subsequently conducted negotiations directly with the defendant, which negotiations resulted in the making of a lease on different terms from those originally stated by plaintiff to Hansen; that plaintiff never notified defendant that Hansen had been sent to defendant by him, or that he expected to be paid as a broker in the event of the leasing of the premises to Hansen. It further appears that the only knowledge defendant had at any time of plaintiff's connection with the matter was that, after the practical conclusion of the negotiations, and immediately before the execution of the lease, Hansen told defendant that his attention had been called to the property by plaintiff; that defendant immediately refused to recognize plaintiff's agency in the matter, and inserted a clause in the lease stating that Weil was the broker in the transaction. · While the insertion of such a clause in the lease could not, of course, affect plaintiff's rights in the matter as a broker, if he had any rights, neither could the proposed lessee, by stating that his attention had been called to the property by plaintiff, compel defendant to accept plaintiff as defendant's agent or broker.  It does not appear whether defendant had, when placing the property in the hands of Weil, given Weil the exclusive right to act as broker in connection therewith; but it had the undoubted right to do so, and to refuse to recognize any other broker.

Plaintiff's contention that, though there was no employment of plaintiff by defendant, there was a ratification of plaintiff's acts, is not supported by the evidence.  On the contrary, the evidence is undisputed that, when informed of plaintiff's alleged connection with the matter, defendant repudiated his agency.  If an action can be maintained by a broker upon this state of facts, then a number of brokers, acting in concert, could, by notifying all probable purchasers or lessees of realty in a given locality that certain property was for sale or lease, practically deprive owners of realty of the right to sell or dispose of their property, except through the agency of a broker.  It has not yet

been established as the law of this state, either by the decisions of the courts or by statutory enactment, that by the mere act of taking title to realty one assumes an obligation to pay brokerage to some one, should he ever be so fortunate as to lease or sell his property, whether he employs a broker or not.

The plaintiff has failed utterly to make out a case of employment by defendant, or a ratification of his acts as agent by the defendant, and the judgment dismissing the complaint should be affirmed, with costs.

Judgment affirmed, with costs. All concur.